SHAW, Justice
(dissenting).
I respectfully dissent. The main opinion states that there is no evidence indicating that the plaintiff, Tommy Hand, “was prejudiced by the failure to name the Montgomery Advertiser as a defendant” and that “it is mere speculation to assume that either the settlement or any jury verdict would have been higher if the Montgomery Advertiser were a named defendant in Hand’s action against [Julie] Bennett.” 131 So.3d at 605. I disagree that such assumptions would be “mere speculation,” *607 because the record before us contains substantial evidence to substantiate both.
Although I agree that we cannot assume that a jury would have awarded Hand more damages simply because of the presence of the Montgomery Advertiser as a defendant, as noted in the main opinion there is evidence indicating that Hand’s actual damage amounted to at least $872,500. This evidence, if believed by a jury at trial, would have resulted in a “jury verdict ... higher” than the settlement amount.
Nevertheless, the possibility that the jury would have awarded more damages than the amount achieved in the settlement is of no consequence. Instead, there is evidence here, through the affidavits of Hand’s attorneys, indicating that the settlement value of the case, had the Montgomery Advertiser been named as a party, would have amounted to between $1 and $1.2 million, which is more than the actual settlement amount. I see nothing in the materials before us leading me to call into question those affidavits. I thus believe, contrary to the main opinion, that there was substantial evidence “indicating ... that Hand would have been able to settle his injury claim for a higher amount if ... the Montgomery Advertiser [had also been named] as a defendant.” 131 So.3d at 605. I would thus address the remaining issues purportedly supporting the trial court’s summary judgment but the discussion of which the main opinion says is pretermit-ted.